SPRINGDALE PARK, INC., A NEW JERSEY CORPORATION, APPELLANT, v. TOWNSHIP COMMITTEE OF ANDOVER TOWNSHIP AND CORD VIEBROCK, RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued October 9, 1967—Decided October 25, 1967.

Before Judges SULLIVAN, FOLEY and LEONARD.

*Mr. Irving Leuchter* argued the cause for appellant (*Messrs. Kapelsohn, Lerner, Leuchter & Reitman,* attorneys; *Mr. Sol D. Kapelsohn,* of counsel).

*Mr. Frank G. Schlosser* argued the cause for respondent, Viebrock (*Messrs. Van Blarcom, Silverman & Weber,* attorneys).

*Leon S. Wolk,* Deputy Attorney General, argued the cause of respondent Division of Alcohol Beverage Control, *Arthur J. Sills,* Attorney General of New Jersey, Attorney, filed a statement in lieu of brief (by *Stephen G. Weiss,* Deputy Attorney General).

The opinion of the court was delivered by

LEONARD, J. A. D. Respondent Cord Viebrock has for some time operated a 51-room motel located on Route 206 in Andover Township, Sussex County. In 1964 the Andover Township Committee, pursuant to *N. J. S. A.* 33 :1–12.20, granted him a plenary retail consumption liquor license for his motel premises. In February 1966 he applied to the local authorities for the transfer of this license to other premises. Specifically, he sought to extend his license to include, in addition to the motel, a building adjacent to and on the north of the motel that he contemplated enlarging. He testified that he intended to utilize this new building as a public restaurant, private dining room, coffee shop and cocktail lounge, to be operated in conjunction with his motel.

The township committee granted the transfer. Upon appellant's appeal the Director of the Division of Alcoholic Beverage Control affirmed the municipal action. Appellant here challenges the propriety of the Director's determination.

Appellant contends that the transfer was in fact a transfer to a non-motel premises for a non-motel use. It therefore argues that no license for the new building may be granted under *N. J. S. A.* 33 :1–12.20. Appellant concedes that the mere physical separation of the contemplated building from the motel does not *per se* establish its non-motel use. However, it argues that this separation, together with the contemplated size, location and seating capacity of the facilities to be operated within the new structure, establishes the latter's independent character.

Appellant further contends that a license may be issued under *N. J. S. A.* 33 :1–12.20 only if the retail consumption of alcohol is to be subordinate to the legitimate needs of the hotel seeking the license. Again relying upon the size and extent of the new building and facilities, it argues that in the instant case the retail consumption of alcohol will in fact not be subordinate to the operations of the motel, but to the contrary will be dominant thereto.

The Director, "after careful examination and consideration of the entire record," determined that "the business to be conducted in said building to which the transfer was granted will be *part and parcel* of the motel operation" (emphasis added). He further rejected the contention that the above-cited statute mandated that the proposed new facilities for retail consumption of alcoholic beverages must be limited to the needs of the motel and to guests. In so doing he stated:

"I find nothing in the statute or the adjudicated cases to so limit such license issued to a motel. Once a plenary retail consumption license is issued to a motel it carries the same rights and privileges as any other plenary retail consumption license, and the restaurant facility which it operates can be as large or small as is economically feasible * * *."

We concur with the Director that *N. J. S. A.* 33:1–12.20 contains no such limitation as here contended for by appellant. The statutory exception merely requires that such license be issued to a person for use "in connection with" the operation of a hotel containing at least 50 sleeping rooms. *N. J. S. A.* 33:1–12.32.

Upon a review of the entire record before us, we conclude that the Director's findings are amply supported and his determination was not unreasonable or illegally grounded. Consequently we will not interfere therewith. *Fanwood v. Rocco*, 33 *N. J.* 404, 414–415 (1960).

Judgment affirmed.